```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

**MARK E. GALLAGHER,**

      Plaintiff,           CIVIL ACTION NO. 04-CV-74011-DT

  v.                     DISTRICT JUDGE GEORGE CARAM STEEH

                          MAGISTRATE JUDGE DONALD A. SCHEER

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      Defendant.

_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

                      *   *   *

Plaintiff filed an application for Social Security disability insurance benefits on August 29, 2002, alleging that he had become disabled and unable to work on September 27, 2001, at age 44, due to severe joint pain, hand numbness, hepatitis and stomach and bowel problems. Benefits were denied by the Social Security Administration. A requested *de novo* hearing was held on April 5, 2004, before Administrative Law Judge (ALJ) Alfred Varga. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option. The ALJ restricted claimant from driving, and

repetitive bending, twisting, turning, stooping or climbing. The Law Judge further found that Plaintiff was unable to work at unprotected heights or around hazardous machinery. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 205). He had earned a college degree in business administration, and had been employed during the relevant past as a beer truck delivery driver (TR 205-206). As a truck driver, he had to do a lot of lifting and stair climbing. He had to constantly bend down and reach over his head. He was required to lift upwards of 25 pounds on a regular basis (TR 78, 206). Claimant stopped working in September 2001, after injuring his back at work (TR 207). Plaintiff testified that he remained disabled as a result of severe back pain radiating into his legs that prevented him from standing or walking for prolonged periods (TR 208-209). He estimated that he could sit for approximately 2 hours, and stand for 30 minutes before needing to rest (TR 210). The claimant added that he could lift a gallon of milk, but feared aggravating his back pain whenever he attempted to do any lifting (TR 212). Pain medications provided only temporary relief, and he had to lie down for several hours each day (TR 210-211). Other impairments which allegedly prevented claimant from returning to work included left knee pain, left hand numbness and hepatitis. Stomach and bowel

problems caused recurrent episodes of bloody stool (TR 213-215). Plaintiff helped his wife with some household chores, occasionally went fishing to relieve stress, and did minor repairs around the house (TR 85-86). Claimant spent his days at home watching television, reading books and visiting friends and neighbors (TR 86-87).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as heavy, semiskilled activity[1] (TR 216). The witness testified that there were no jobs[2] for claimant to perform if his testimony were fully accepted (TR 217-218).  If he were capable of light work, however, there were numerous unskilled assembly, packaging, inspection, attendant and sorting jobs that he could perform with minimal vocational adjustment (TR 219-220). These jobs did not involve any driving or climbing, but did provide a sit-stand option. They also did not require any repetitive stooping, squatting, twisting, turning or bending. Furthermore, none of the jobs involved working at unprotected heights or around hazardous machinery (TR 218).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of chronic low back pain, peripheral

---

[1] The Vocational Expert stated that Plaintiff had transferable skills, but only to jobs requiring driving and a lot of heavy lifting (TR 216).

[2] The witness opined that claimant's alleged need to sit with his feet elevated for most of the day would preclude all work activity (TR 218).

polyneuropathy secondary to diabetes, cirrhosis of the liver, complaints of knee pain and recurrent episodes of black stools, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back and knee pain prevented him from sitting or standing for prolonged periods. The Law Judge found that Plaintiff could not repetitively perform any bending, twisting, turning, squatting, stooping or climbing. He further found that the claimant could not work around hazardous machinery at unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679,

681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of light work activity.  He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain, hand numbness or abdominal difficulties.

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain. While the claimant

has been diagnosed with degenerative disc disease of the lumbar spine (TR 169), he consistently exhibited good strength in all extremities (TR 123, 153-154, 156). There were full ranges of cervical, thoracic and lumbar motion (TR 164), and no signs of tenderness, spasm or effusion in any joint (TR 113, 115, 126). Claimant did not experience any major neurological deficits or muscle atrophy (TR 129, 158, 164), which are typically associated with severe and disabling pain.  In a January 30, 2004, physical examination, Dr. Geoffrey Seidel, a treating examiner, reported that Plaintiff did not suffer from lumbosacral radiculopathy (TR 170), and that he could extend his left knee normally, despite some effusion (TR 168).  The claimant was recently diagnosed with poly-neuropathy secondary to diabetes, but he had good overall strength, intact coordination and a normal gait (TR 129, 172). While Plaintiff claimed he needed to elevate his feet for most of the day, there was no medical evidence of swelling in the lower extremities (TR 113, 115, 123, 126).

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of a state agency consulting physician,[3] who concluded in October 2002, that the claimant could perform unskilled, light work as long as he was not required to do any repetitive stooping, squatting, twisting, turning or bending (TR 96-103). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective

---

[3] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(i) (2004).

complaints of persistent, severe, totally disabling symptoms stemming from his joint pain and other difficulties were not fully credible.

Although Plaintiff contends that the medical evidence of record did not support the Law Judge's functional capacity assessment (Plaintiff's Brief at p. 15), no doctor described specific functional limitations greater than those included by the ALJ in his detailed residual functional capacity evaluation. To support his contention that he remains totally disabled, Plaintiff relies almost exclusively upon medical evidence that was submitted to the Appeals Council only (Plaintiff's Brief at pp. 15-18 referring to TR 178-201). In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. <u>Cotton v. Sullivan</u>, 2 F.3rd 692 (6th Cir. 1993); <u>Casey v. Secretary</u>, 987 F.2d 1230, 1233 (6th Cir. 1993); <u>Wyatt v. Secretary</u>, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council was not considered by the undersigned.[4]

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was

---

[4]Plaintiff did not request a remand to the SSA under sentence six of the Social Security Act for consideration of this evidence.

7

the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions [5]. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, packaging, inspection, attendant and sorting jobs that he could perform with minimal vocational adjustment (TR 219-220). These jobs did not involve any driving or climbing, but did provide

---

[5] Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his moderate limitations caused by his joint pain and need for a sit-stand option. The VE testified that the the majority of the 6,000 assembly, packaging, inspection, attendant and sorting jobs allowed workers to sit or stand periodically throughout the day, and did not involve any driving, climbing, or working around dangerous heights (TR 218-219). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

a sit-stand option. They also did not require any repetitive stooping, squatting, twisting, turning or bending. Furthermore, none of the jobs involved working at unprotected heights or around hazardous machinery (TR 218).  Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District

**Court for the Eastern District of Michigan**, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: May 11, 2005
_____

### CERTIFICATE OF SERVICE

I hereby certify on May 11, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 11, 2005.**None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217