UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. GALLAGHER,

        Plaintiff,

vs.

        Case No. 04-CV-74011
        HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#14);
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#13);
DENYING PLAINTIFF'S MOTION TO FOR SUMMARY JUDGMENT (#7), AND;
DISMISSING PLAINTIFF'S CLAIMS

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Mark Gallagher's claim for judicial review of plaintiff's August 29, 2002 application for disability benefits. The matter was referred to Magistrate Judge Donald Scheer, who issued a 12-page Report and Recommendation on May 11, 2005 recommending that defendant's motion for summary judgment be granted, that plaintiff's motion for summary judgment be denied, and that judgment enter in favor of defendant Commissioner. Plaintiff filed timely objections on May 20, 2005. See 28 U.S.C. § 636(b)(1); E.D. Mich. L.R. 72.1(d)(2). Defendant Commissioner filed a timely response to the objections on June 6, 2005. See E.D. Mich. L.R. 72.1(d)(2).

**I. Background**

Plaintiff's application for disability benefits is based on an alleged inability to work due to back and leg pain, left knee problems, left hand numbness, stomach and bowel problems, and hepatitis. Plaintiff's application was initially denied in a July 9, 2004 six-page

decision issued by ALJ Alfred Varga. The ALJ determining that, although plaintiff could not perform his past relevant work as a delivery driver in the beer industry, plaintiff retained the residual functional capacity ("RFC") to perform light work with a sit/stand option, limited bending, turning, twisting and stooping, no work around unprotected heights, no driving, no climbing, and no work around hazardous machinery. The ALJ also found that plaintiff's April 5, 2004 hearing testimony regarding his limitations was not fully substantiated by the objective medical evidence. Based on a hypothetical question posed to Vocational Expert ("VE") Michael Rosko incorporating plaintiff's 47 years of age, education, work experience, and assessed RFC, the ALJ concluded at Step Five[1] that plaintiff was not entitled to disability benefits because there are a significant number of jobs in the national economy which plaintiff could perform such as assembly, packaging, and sorting. The Appeals Counsel denied plaintiff's request for review on September 22, 2004. In his May 11, 2005 Report and Recommendation, Magistrate Judge Scheer found there is substantial evidence in the record to support the ALJ's determination that plaintiff retained the RFC for a restricted range of simple, light work. The Magistrate Judge concluded that the record medical evidence did not support plaintiff's assertions of disabling joint pain, citing specific record evidence and noting that the ALJ properly considered an October 10, 2002 RFC assessment completed by a non-treating state-agency consulting physician who concluded that plaintiff could perform unskilled, light work as long as plaintiff was not required to perform any repetitive stooping, squatting, twisting, turning, or bending. Magistrate Judge Scheer observed that "no doctor described specific functional limitations greater than those included by the ALJ in his detailed [RFC] evaluation." Report and Recommendation, at 8.

---

[1] The determination of ineligibility at step five requires the Commissioner to show by substantial evidence that the claimant was able to perform specific jobs available in the economy. See Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 238 (6th Cir. 2002).

Magistrate Judge Scheer thus recommends granting defendant Commissioner's motion for summary judgment.

## II. Objections

Plaintiff objects that the combination of his impairments, each recognized by the ALJ, prevents him from performing light work. Plaintiff continues by objecting that the Magistrate Judge incorrectly ruled that plaintiff's allegations of pain had to be supported by objective evidence. Plaintiff continues that, contrary to the Magistrate Judge's finding that there was no medical evidence of swelling in plaintiff's lower extremities, treating physician Dr. Geoffrey Seidel reported in a January 9, 2004 medical evaluation of plaintiff that "[s]itting with his legs elevated and lying down seems to help." R, at 172. In support of his objections, plaintiff directs the court to other medical evidence in the record: (1) October 6, 2001 MRI results noting "[d]isk lateralization at L3-L4 narrows the bilateral foramina," R, at 104; (2) Dr. John Zinkel's December 5, 2001 evaluation that "MRI shows disc joint degeneration L4-L5 and L5-S1 with 50% joint collapse at L4-5," R, at 165; (3) treating physician Dr. Joel Schechet's February 19, 2002 report noting that the October 6, 2001 MRI "showed severe disc space narrowing at L4-L5 with moderate narrowing at L5-S1, [and] stenosis mild at L4-L5," R, at 126; (4) Dr. Schechet's May 2, 2002 report that plaintiff "had no relief from either of his epidural injections . . . [and] still has a lot of the same pain as previously, lower back pain and bilateral leg pain," R, at 122; (5) Dr. Anthony Femminineo's December 2, 2002 letter opining that plaintiff evidences "radicular symptoms in both lower extremities," R, at 153; (6) Dr. Zinkel's February 26, 2003 evaluation that plaintiff has "[l]umbosacral myofascial and possible discogenic low back pain radiating from back into both legs intermittently in L3-4 distribution," R, at 159; (7) Dr. Seidel's January 30, 2004 examination reporting that plaintiff "has a left knee effusion," "has fluid within the knee . . . [which] appears reduced by 80%," that plaintiff has "disc herniation at L4-5," and that plaintiff has "bone-on-bone degenerative joint disease at L4-5 and L5-S1," R, at 168-169,

and; (8) Dr. Seidel's February 26, 2004 report that plaintiff's "knee effusion is about 80%." R, at 167. Plaintiff further objects that the non-treating state physician's October 2002 RFC evaluation should have be given little if any weight because the evaluation failed to cite any medical records of diagnostic studies that were reviewed, and issued almost two years before the ALJ's July 9, 2004 decision.

### III. Standard of Review

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court. See 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, the court must affirm and "may not even inquire whether the record could support a decision the other way." Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).

### IV. Analysis

Plaintiff's initial objection that the combination of his impairments supports a finding of disability is conclusionary. The ALJ analyzed plaintiff's claimed impairments and their combined effect on his ability to work:

> The claimant has been treated conservatively for his complaints of pain. He attended physical therapy and had three epidural injections without significant success. The claimant testified that his pain medications cause headaches and sleepiness. However, allegations of medication side effects must be substantiated by objective medical evidence. Duncan v. HHS, 801 F.2d 847 (6th Cir. 1986). In the instant case, the clinical findings do not substantiate that the claimant complained of disabling side effects to any medications. There is no indication in the chart notes of complaints of headaches or sleepiness. In December 2002, the treating physician noted some improvement with medications and did not indicate complaints of medical side effects (Exhibit 6F).
>
> The claimant testified that he has chronic back pain with radiation to the lower extremities. He also testified to swelling in his lower extremities, left knee problems, and left hand numbness which began in May 2002. He also testified to stomach problems and that he cannot control stools very well due to the buildup of bile. He testified that he must elevate his feet most of the day and that he must lay down most of the day. He also testified that he is able to stand for 30 minutes, sit for 2 hours, but is unable to lift due to pain.
>
> The clinical findings do not substantiate the claimant's testimony regarding the extent of his limitations. The claimant has been diagnosed with degenerative disk disease of the lumbar spine but consistently exhibits good strength throughout all the extremities, no muscle atrophy which is typically associated with severe and disabling pain, and no neurological defects. There is no evidence of swelling in the lower extremities, no tenderness or effusion in any joint, and no evidence of lumbar radiculopathy.
>
> *   *   *
>
> The claimant testified to difficulty with prolonged standing and sitting and no lifting. The claimant also testified that he must elevate his feet most of the day. However, there is no evidence of swelling in the lower extremities nor is there evidence substantiating the necessity to lay down most of the day. There is also no evidence indicating that the claimant is unable to lift as he maintains excellent strength throughout his extremities and is neurologically intact. Moreover, he exhibits functional range of motion of the lumbar spine and no limitations regarding the cervical spine or upper extremities.

R, at 28-29.

The ALJ recognized that plaintiff had been diagnosed with degenerative disk disease

5

of the lumbar spine, consistent with plaintiff's proffered results of the October 6, 2001 MRI, Dr. Zinkel's December 5, 2001 evaluation of the MRI, Dr. Schechet's February 19, 2002 report citing the MRI, and Dr. Seidel's January 30, 2004 report stating plaintiff suffers from disc herniation and bone-on-bone degenerative joint disease. The ALJ also recognized that plaintiff was claiming disability based on chronic back pain radiating to his lower extremities.

In assessing a claimant's complaints of debilitating pain where there is objective medical evidence of an underlying medical condition, a two-part test is applied: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Duncan, 801 F.2d at 853. "Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C. § 423(d)(5)(A).

"In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's determination of credibility is to be accorded great weight and deference. Id. "An individual's statements as to 'pain or other symptoms will not alone establish that [he is] disabled.'" Id. (quoting 20 C.F.R. § 404.1529(a)). Ultimately, an ALJ's credibility determination must be supported by substantial evidence in the record. Id. As to an ALJ's assessment of credibility, this court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.'" Id. (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Dr. Femminineo's December 2, 2002 letter indicating plaintiff was experiencing

6

"radicular symptoms in both lower extremities," and Dr. Zinkel's February 26, 2003 evaluation of possible discogenic lower back pain radiating into plaintiff's legs, do not indicate the severity of the pain. Dr. Schechet's May 2, 2002 report that plaintiff experienced no relief from two epidural injections likewise does not provide an indication of the severity of continuing pain. Plaintiff's statement to Dr. Seidel that "sitting with his legs elevated and lying down seems to help" does not alone establish that plaintiff was experiencing swelling or debilitating pain. Walters, 127 F.3d at 531; 20 C.F.R. § 404.1529(a).

Dr. Seidel's February 26, 2004 report does note that plaintiff "has severe lower back pain and left knee pain." R, at 167. Dr. Schechet's February 19, 2002 report describes the October 6, 2001 MRI as showing "severe disc space narrowing at L4-L5." R, at 126. Plaintiff does not, however, dispute with record evidence the ALJ's determination that plaintiff "consistently exhibits good strength throughout all the extremities, no muscle atrophy which is typically associated with sever and disabling pain, and no neurological defects." R, at 28. The October 6, 2001 MRI does not indicate deteriorating nerve or muscle tissue. See 42 U.S.C. § 423(d)(5)(A). In contrast to Dr. Seidel's and Dr. Schechet's reports, the Magistrate Judge sets forth significant record evidence refuting plaintiff's claims of debilitating pain. See Report and Recommendation, at 6-7. Treating physician Dr. Seidel's opinion that plaintiff was experiencing "severe" pain was not entitled to controlling weight in the absence of supporting objective medical evidence, and in light of other substantial evidence in the record demonstrating plaintiff continued to exhibit good strength throughout his lower extremities, no muscle atrophy, and no neurological defects. Walters, 127 F.3d at 530; 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1527(d)(2).

Plaintiff has not come forward with record evidence to refute the Magistrate Judge's determination that no doctor, treating or otherwise, described specific functional limitations

7

greater than the limitations contained in the ALJ's RFC evaluation. The ALJ's July 9, 2004 finding of no evidence of "effusion in any joint" is in fact contradicted by Dr. Seidel's January 30, 2004 and February 26, 2004 reports that plaintiff had a left knee effusion. Yet, the two reports do not evidence a debilitating or severe condition. On January 30, 2004, Dr. Seidel reports:

> [Plaintiff] has a left knee infusion. I have examined his left knee today. He still has fluid within the knee. It appears reduced by 60%-70%. The left knee can flex to 100 degrees, but not beyond. He has full extension. He has no point tenderness.
>
> \*      \*      \*
>
> He has degenerative joint disease of the left knee. I told him there are options for management but he would like to stick with the option of management of icing of the left knee because he is making progress with that.

R, at 168-169. Approximately a month later, on February 26, 2004, Dr. Seidel reports that the left knee effusion has improved to a reduction of "about 80%," with the ability to "flex the left knee to 110 degrees." R, at 167. Dr. Siedel's reports do no warrant a finding of a disabling condition, either alone or read in conjunction with the entire record.

Magistrate Judge Scheer applied a proper analysis under the Duncan standard, assessing whether the ALJ erred in finding a lack of objective medical evidence in the record confirming the *severity* of the pain claimed by plaintiff, or lack of record evidence objectively establishing a medical condition reasonably expected to produce the disabling pain claimed by plaintiff. Duncan, 801 F.2d at 853. This court will not reassess the evidentiary weight assigned to the state-agency physician who examined plaintiff. Walters, 127 F.3d at 531; 20 C.F.R. § 404.1527(f)(2)(i). The ALJ's credibility assessment is supported by substantial evidence in the record. Walters, 127 F.3d at 531.

Upon determining that the plaintiff's objections are without merit, the VE's response to the ALJ's hypothetical question constitutes "substantial evidence" on which the ALJ could

rely in denying plaintiff's claim for benefits.  <u>Howard</u>, 276 F.3d at 239 (quoting <u>Varley v. Secretary of Health and Human Servs.</u>, 820 F.2d 777, 779 (6th Cir. 1987)).

## VI. Conclusion

Plaintiff's objections are hereby OVERRULED.  Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Scheer's May 11, 2005 Report and Recommendation.  Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED.  Plaintiff Mark Gallagher's motion for summary judgment is hereby DENIED.  Plaintiff's claims are hereby DISMISSED.

SO ORDERED.

<pre>
                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE
</pre>

Dated:  August 11, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 11, 2005, by electronic and/or ordinary mail.

<pre>
                              s/Josephine Chaffee
                              Secretary/Deputy Clerk
</pre>